IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ANTWAN LOWRY,                                                                                        PETITIONER
Reg #41429-007

v.                                           2:10-cv-00098-DPM-JJV

T. C. OUTLAW,
Warden, FCI - Forrest City                                                        RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>500 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

On July 20, 2010, Mr. Lowry filed a Petition for Writ of Habeas Corpus (Doc. No. 1). On July 27, 2010, the Court entered an Order (Doc. No. 2) instructing the Petitioner that if he wished to proceed with his habeas corpus claim, he must "**on or before August 26, 2010**, either (1) pay the $5.00 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis* along with a Prisoner Trust Fund Calculation Sheet." The Order advised Lowry that failure to timely and properly comply with the Order could result in the dismissal of his habeas action pursuant to Local Rule 5.5(c)(2). This Order was mailed to Petitioner on July 27, 2010, (Doc. No. 3) at his last-known address, the Forrest City Medium Federal Correctional Institution, and it has not been returned to the Court as undelivered. More than thirty days have now passed since this most recent Order was entered, and Petitioner has failed to respond in any way.

Under these circumstances, the Court concludes the Petition for Writ of Habeas Corpus should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).[1] *See also* Fed.R.Civ.P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the Petitioner's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the Petitioner'")(emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE RECOMMENDED that Mr. Lowry's Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).

DATED this 31st day of August, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 5.5(c)(2) provides, "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (emphasis added.)